UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KNIGHT WALL SYSTEMS, INC., | § | |
| | § | |
| *Plaintiff/Counter Defendant,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-3450-X |
| | § | |
| PRECISION WALL SYSTEMS, INC., | § | |
| | § | |
| *Defendant/Counter Claimant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Precision Wall System, Inc.'s d/b/a Gridworx (Gridworx) partial motion to dismiss. (Doc. 15). After considering the relevant law and the arguments of parties, the Court **GRANTS** the motion and **DISMISSES WITHOUT PREJUDICE** Count III. The Court grants Plaintiff Knight Wall Systems, Inc. (Knight) leave to file an amended complaint no later than 28 days from the issuance of this order.

## I. Background

Knight is the exclusive owner of United States Patent No. 9,732,518 (" '518 Patent"). The '518 Patent "discloses systems that reduce thermal bridging in wall assemblies by using insulating isolator plates positioned between metal components."[1] Gridworx, a competitor in the industry, manufactures and sells certain wall-mount cladding systems and products. On July 29, 2025, Knight sent

---

[1] Doc. 24 at 2.

Gridworx written notice identifying the '518 Patent and alleging that some of Gridworx's products infringe Knight's patent.

Relevant to this dispute, Knight and Gridworx both submitted bids to a subcontractor on a project in Texas. Ultimately, the subcontractor chose Gridworx for the job. But the products provided by Gridworx to the subcontractor are the products that Knight alleges infringes on its '518 patent.

Knight filed this action asserting claims for patent infringement and, in Count III, tortious interference with prospective business relations. Gridworx now moves to dismiss Count III under Rule 12(b)(6).

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a claim that is not plausibly alleged.[2] To survive a 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[3] A claim is plausible when it "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"[4] which requires "more than a sheer possibility that [the] defendant has acted unlawfully."[5] "[A] formulaic recitation of the elements of a cause of action will not do."[6] And the pleading must offer "more

---

[2] FED. R. CIV. P. 12(b)(6).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.*

[6] *Id.* (cleaned up).

than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7]  The court

does not accept as true "conclusory allegations, unwarranted factual inferences, or

legal conclusions."[8]

### III. Analysis

In Texas, to support a tortious interference with prospective business relations,

a plaintiff must plead:

> (1) there was a reasonable probability that the plaintiff would have
> entered into a business relationship with a third party; (2) the defendant
> either acted with a conscious desire to prevent the relationship from
> occurring or knew the interference was certain or substantially certain
> to occur as a result of the conduct; (3) the defendant's conduct was
> independently tortious or unlawful; (4) the interference proximately
> caused the plaintiff injury; and (5) the plaintiff suffered actual damage
> or loss as a result.[9]

Gridworx provides three bases to dismiss the tortious interference claims.  The Court

addresses each in turn.

### A. Reasonable Probability

Gridworx moved to dismiss Knight's Count III because it did not plead

sufficient facts to support a plausible claim of a *reasonable* probability in the future

business relationship.  The Court agrees that the facts as pled are insufficient to

support a reasonable probability.

---

[7] *Id.*

[8] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

[9] *WickFire, LLC v. Lara Woodruf*, 989 F.3d 343, 356 (5th Cir. 2021) (cleaned up).

In Texas, mere negotiations are insufficient for a party to have a reasonable probability of a prospective business relationship.[10]  Some courts have held that a "reasonable probability of a business relationship [is] sufficiently alleged when the plaintiff can describe the specifics of a proposed agreement that never came to fruition."[11]  While true, the Court must also "consider[] all of the facts and circumstances attendant to the transaction."[12]

Here, considering all the pled facts and surrounding circumstances, the pleadings are insufficient.  Knight "pursu[ed] the opportunity," "provided a formal written proposal and pricing," and had "ongoing communications with the Subcontractor regarding scope, schedule, and pricing."[13]  But Knight was not the only party submitting bids to the subcontractor.  Without more factual allegations, the Court cannot conclude that the probability was reasonable.  So on the facts as pled in the complaint, the Court must dismiss the claim.

### B.    Intentional and Improperly Interfered

Next, Gridworx argues that the complaint is devoid of allegations that it intentionally and improperly interfered with Knight's business relationship.  The Court agrees.  The complaint is full of allegations that Gridworx intentionally

---

[10] *See Peykoff v. Cawley*, No. 24-10186, 2025 WL 1380070, at *6 (5th Cir. May 13, 2025) ("[U]nder the reasonable probability standard, Texas courts have rejected claims for tortious interference with business relationships where plaintiffs asserted that 'mere negotiations' occurred.").

[11] *Corrosion Prevention Techs. LLC v. Hatle*, No. 4:20-CV-2201, 2020 WL 6202690, at *4 (S.D. Tex. Oct. 22, 2020) (cleaned up).

[12] *Hill v. Heritage Res.*, 964 S.W.2d 89, 109 (Tex. App. 1997).

[13] Doc. 1 at 12.

committed a tort—patent infringement.  But there are no allegations in the complaint that Gridworx interfered with the relationship.  And under Texas law, a plaintiff must plead that the tortfeasor "either acted with a conscious desire *to prevent the relationship* from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct."[14]  Said another way, "[t]o satisfy this element, the plaintiff must plead that the defendant had actual knowledge of the prospective contract or business relation, because otherwise, the interference cannot be intentional."[15]

Knight's presented theory—that Gridworx had knowledge of patent infringement—is insufficient to sustain a claim for tortious interference with a prospective business relationship.  The complaint lacks any allegation about Gridworx's knowledge of or intentional interference with Knight's business relationship with the subcontractor.  And this element requires interference with the business relationship.  For this reason, the complaint is insufficient and Knight may amend to try and sufficiently plead a claim.

### C.   Causation

Finally, Gridworx moved to dismiss because Knight failed to adequately plead actual and proximate cause of Knight's damages.  Knight's own response admits as much, arguing that Knight "pled that but for Gridworx's unauthorized use of [Knight's] patented technology in supplying an estimate to the Subcontractor for the

---

[14] *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013).

[15] *Spano v. EAN Holdings, LLC*, No. 4:25-CV-00617-O, 2026 WL 508365 (N.D. Tex. Feb. 24, 2026) (O'Connor, C.J.) (cleaned up).

Project, [Knight] would have entered into a contract with the Subcontractor and earned at least $800,000 in revenue."[16]

But, as explained above, the damage must be caused by intentional interference *with the relationship*, not just by an intentional tort. Thus, Knight also failed to plead a claim for damages.

### IV.  Leave to Amend

Knight's response, in the alternative, requests the Court dismiss without prejudice, should the Court grant any part of Gridworx's motion to dismiss. The Court concludes that dismissal without prejudice is warranted.

Leave should be "freely given when justice so requires," and denial is appropriate only upon a substantial showing of futility, undue delay, bad faith, repeated failure to cure deficiencies, or undue prejudice.[17]  Leave to amend is futile when an amended complaint, analyzed under the legal sufficiency standard of Rule 12(b)(6), would still fail to state a claim upon which relief can be granted.

Here, Knight might plausibly state a tortious interference with a prospective business relationship claim that would survive Rule 12(b)(6).  Because Rule 15(a) "evinces a bias in favor of granting leave to amend," the Court grants leave to amend.[18]

---

[16] Doc. 24 at 8.

[17] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[18] *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (cleaned up).

## V.  Conclusion

Accordingly, the Court **GRANTS** Gridworx's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Knight's Count III, tortious interference with prospective business relations.  The Court grants leave for Knight to file an amended complaint fixing the deficiencies identified in this order.  Knight may not add new claims or parties to the amended complaint without first requesting additional leave of Court.

**IT IS SO ORDERED** this 8th day of April, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE